# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5851 | **DATE** | 3/19/2004 |
| **CASE TITLE** | NEG MICON USA, INC. vs. NORTHERN ALTERNATIVE ENERGY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants in part and denies in part Navitas and NAE's motions to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6). The Court grants the motion to dismiss as to Count II, and denies the motions as to Counts I, IV, and V. Plaintiff is granted leave to file an amended complaint that comports with this opinion. Amended Complaint to be filed on or before 4/1/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 2 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | GMA | 25 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| TBK | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEG MICON USA, INC.,           )
                               )
    Plaintiff,                 )
                               )
v.                             )    03 C 5851
                               )
NORTHERN ALTERNATIVE ENERGY    )    Judge Ronald A. Guzmán
and NAVITAS ENERGY, INC.,      )
                               )
    Defendants.                )

DOCKETED
MAR 22 2004

## MEMORANDUM OPINION AND ORDER

In this diversity case, NEG Micon USA, Inc. ("NEG Micon") has sued Northern Alternative Energy ("NAE") for breach of contract and injunctive relief and Navitas Energy, Inc. ("Navitas") for breach of contract, injunctive relief, tortious interference with contract, and tortious interference with prospective economic advantage. Before the Court is Navitas' motion to dismiss Counts I, III,[1] IV, and V and NAE's motion to dismiss Counts I, II, and III for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the Court grants in part and denies in part the motions.

## FACTS

On October 21, 1999, NEG Micon entered into an Agreement with NAE entitled "Memorandum of Understanding" ("Agreement"). The Agreement related to the development

---

[1] Subsequently, on February 9, 2004, NEG Micon voluntarily dismissed without prejudice Count III. Accordingly, the Court need not address that count because the motion to dismiss as to that count is moot.

of a wind power plant in northern Illinois. NAE is in the business of developing wind power plants, while NEG Micon is in the business of selling wind turbines for use at such plants. The one-page Agreement (*see* Compl., Ex. A) specifically stated the following:

> 1. <u>Pre-development Investigation.</u> NEG Micon and NAE have agreed to jointly participate in a pre-development investigation of a wind power plant in northern Illinois. NEG Micon and NAE have retained the services of Tom Factor of the Iowa Wind Energy Institute to investigate candidate sites in northern Illinois. Tom Factor's services will begin in October of 1999. NEG Micon will provide an in-kind contribution of one fully equipment [sic] 50 meter met station and the labor to install and decommission the station at one candidate site. NAE will supply the equipment for one additional monitoring station on an existing communication tower at another candidate site. NAE will determine, control and compensate all activities of Tom Factor with regard to these pre-development activities. It is anticipated that this pre-development work will result in providing sufficient data necessary to substantiate wind power project proposal early in 2000.
>
> 2. <u>Project Proposal.</u> It is the intent of NEG Micon and NAE to jointly propose a 31.5 megawatt wind power project consisting of 35 NEG Micon 900/52 wind turbines at the best candidate site in northern Illinois. The proposal would be presented to the newly established board of the $250 million Illinois Clean Energy Trust sometime within the first quarter of 2000. Under this agreement NAE would be the project developer and owner and NEG Micon would be the exclusive supplier of the wind turbines for any project at both of above-mentioned candidate sites resulting out of the pre-development investigation.
>
> 3. <u>Confidentiality.</u> Under this agreement NEG Micon and NAE will have joint access to all pre-development data provided by the [sic] Tom Factor and both wind monitoring stations. Both NEG Micon and NAE will be allowed to share all information associated with these pre-development activities with other parties.

Pursuant to the Agreement, Plaintiff established a meteorological monitoring station ("met station") near Princeton, Illinois on November 16, 1999. NAE established a met station in Compton, Illinois on May 18, 2000.

Subsequent to the execution of the Agreement, and after the first phase of the Agreement had been completed, NAE's officers formed Navitas. In September 2002, Navitas was sold to Gamesa, a supplier of wind turbines and direct competitor of NEG Micon.

2

Navitas is moving forward with developing a wind power plant in Mendota Hills, Illinois, which is located adjacent to, or in the same area as, the Compton met station that NEC Micon helped to develop and oversee in the pre-development stage. Gamesa will supply wind turbines for the project. NEG Micon alleges Navitas has used information gathered by the Princeton met station and Compton met station to develop the Mendota Hills site. NEG Micon further alleges that Navitas was the alter ego of NAE at all times relevant to this lawsuit and that NAE and Navitas are breaching NEG Micon's exclusive contract to supply turbines. Alternatively, NEG Micon alleges that Navitas is tortiously interfering with NEG Micon's economic interest. Navitas now moves to dismiss all NEG Micon's claims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## DISCUSSION

Complaints are to be read liberally, and district court may grant a motion to dismiss for failure to state claim only if it is beyond doubt that nonmovant can plead no facts that would support nonmovant's claim for relief. *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 874 (7th Cir. 1995). To withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988). The court must accept all well-pleaded factual allegations in the light most favorable to the plaintiff. *Colfax Corp. v. Ill. State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996).

## I. Count I: Breach of Contract Against Navitas and NAE

Navitas and NAE argue that Count I fails to state a claim for two reasons: (1) nothing on the face of the Agreement indicates any present intent to develop a wind power project; and (2) the Agreement lacks all of the essential terms necessary to create an exclusive supply contract. Both of these reasons are insufficient to dismiss count I for failure to state a claim.

When determining the substantive nature of the contract at issue, this Court applies Illinois law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 77-80 (1938). In *Quake Construction Inc. v American Airlines*, the Illinois Supreme Court laid out a clear test for determining whether a contract poses a question of law that can be determined in a motion to dismiss or poses a question of fact that cannot be determined in such a motion. 565 N.E.2d 990, 994 (Ill. 1990). Under this test, a trial court must initially determine as a matter of law whether the language of a purported contract is ambiguous as to the parties' intent. *Id.* If no ambiguity exists in the writing, the parties' intent must be derived by the trial court, as a matter of law, solely from the writing itself. *Id.* If the terms of an alleged contract are ambiguous or capable of more than one interpretation, however, parole evidence is admissible to ascertain the parties' intent. *Id.* If the language of an alleged contract is ambiguous regarding the parties' intent, the interpretation of the language is a question of fact which a trial court cannot properly determine on a motion to dismiss. *Id.*

At issue is whether the parties intended to form a contract whereby NEG Micon would be the exclusive supplier of wind turbines for any wind power project at candidate sites in northern Illinois resulting from pre-development investigation as stated in the Memorandum of Understanding. (*See* Compl. Ex. A.) Navitas argues the language in paragraph 2 of the Agreement constitutes an unenforceable "agreement to agree," as the parties speak only of a

4

future intent to present a proposal to build a wind power plant. NEG Micon's Complaint alleges the language of paragraph 2 formed a binding contract, relying on the sentence "Under this agreement NAE would be the project developer and owner and NEG Micon would be the exclusive suppler of the wind turbines for any project at both of the above-mentioned candidate sites resulting out of the pre-development investigation." (Compl. ¶ 13.) NEG Micon further alleges that Navitas was either held out to be the equivalent, or otherwise was the alter ego, of NAE for purposes of the Agreement. (*Id.* ¶¶ 14-18.)

Both NEG Micon and Navitas offer reasonable interpretations of paragraph 2 of the Agreement, and therefore ambiguity exists as to the parties' intent. A reasonable reading of NEG Micon's Complaint is that Navitas, which was held out to be the same entity as or is the alter-ego of NAE, breached its obligation to use NEG Micon turbines after NEG Micon contributed significant resources to the pre-development investigation at a site that was located within or adjacent to the candidate site in Mendota Hills. Because paragraph 2 of the Agreement is ambiguous regarding the parties' intent, the meaning of the Agreement cannot be properly determined on a motion to dismiss.

Navitas also argues that the Agreement cannot be considered a binding contract because it lacks material terms such as price, warranty, delivery, etc. Illinois law dictates that in a requirements contract, the court can supply all terms except the quantity term. *See Indus. Specialty Chems., Inc. v. Cummins Engine Co., Inc.*, 902 F. Supp. 805, 810 (N.D. Ill. 1995). Paragraph 2 of the Agreement contains the quantity term "35 NEG Micon 900/52 wind turbines." Therefore, Navitas argument that the Agreement lacks material terms fails.

In sum, taking NEG Micon's well-pleaded allegations as true and reading the complaint liberally, as the Court must when considering a motion to dismiss, the Court determines

5

ambiguity exists as to the parties intent under the Agreement. Therefore, the Court denies Navitas and NAE's motions to dismiss as to Count I.

## II. Count II: Breach of Contract Against NAE

In Count II, NEG Micon brings a separate breach of contract claim solely against NAE, alleging NAE breached the covenant of good faith and fair dealing concerning the Agreement. Illinois courts have stated that every contract implies good faith and fair dealing between the parties to it. *Snap-on Inc. v. Ortiz*, No. 96 C 2138, 1999 WL 592194, at *13 (N.D. Ill. Aug. 3, 1999). Breach of the duty of good faith and fair dealing is simply a breach of the underlying contract. *Id.* NEG Micon has already pleaded a breach of contract claim against NAE in Count I. Count II relies on the same written Agreement and makes identical factual allegations as those in Count I. Count II is duplicative of Count I and is therefore stricken. The Court grants NAE's motion to dismiss as to Count II.

## III. Count IV: Tortious Interference with Contract Against Navitas

A claim for tortious interference with contract requires: "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages." *Int'l Marketing, Ltd. v. Archer-Daniels Midland Co., Inc.*, 192 F.3d 724, 731 (7th Cir. 1999).

NEG Micon sufficiently alleges these elements in Count IV of the complaint. First, NEG Micon alleges the existence of a valid and enforceable contract between NEG Micon and NAE.

(Compl. ¶ 43.) Second, NEG Micon alleges Navitas was aware of the Agreement between NEG Micon and NAE. (*Id.* ¶ 45.) Third, NEG Micon alleges Navitas intentionally and unjustifiably induced NAE to breach its exclusive supply agreement with NEG Micon. (*Id.* ¶ 46.) Fourth, NEG Micon alleges subsequent breach by NAE due to Navitas' inducement. (*Id.* ¶¶ 46, 47.) Fifth, NEG Micon alleges it incurred damages due to NAE's breach of the Agreement. (*Id.* ¶ 48.) Taking NEG Micon's well pleaded allegations as true, Count IV sufficiently states a claim for tortious interference with contract. Accordingly, Navitas' motion to dismiss Count IV is denied.

## IV. Count V: Tortious Interference with Prospective Economic Advantage Against Navitas

To state a claim for tortious interference with prospective economic advantage, a plaintiff must allege: "1) the plaintiff's reasonable expectation of entering into a valid business relationship; 2) the defendant's knowledge of the plaintiff's expectancy; 3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from being fulfilled; and 4) damages to the plaintiff resulting from the defendant's interference." *Delloma v. Consol. Coal Co.*, 996 F.2d 168, 171 (7th Cir. 1993).

NEG Micon sufficiently alleges these elements in Count V of the Complaint. First, NEG Micon alleges a reasonable expectation of entering into a valid business relationship in connection with the development of a wind power project in northern Illinois. (Compl. ¶ 50.) Second, NEG Micon alleges Navitas was aware of this expectation. (*Id.*) Third, NEG Micon alleges Navitas unjustifiably interfered with NEG Micon's expectation by taking over the development of the wind power project in northern Illinois from NAE. (*Id.* ¶ 51.) Fourth, NEG

7

Micon alleges damages resulting from Navitas' interference. (*Id.*) Again, taking NEG Micon's well pleaded allegations as true, Count V sufficiently states a claim for tortious interference with prospective economic advantage. Thus, Navitas' motion to dismiss Count V is denied.

## CONCLUSION

For the forgoing reasons, the Court grants in part and denies in part Navitas and NAE's motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). The Court grants the motions to dismiss as to Count II, and denies the motions as to Counts I, IV, and V. Plaintiff is granted leave to file an amended complaint that comports with this opinion.

**SO ORDERED**          **ENTERED:** 3/19/04

*Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States Judge**